[991 NYS2d 512]

In the Matter of JACQUELINE S. LINDER (Admitted as JACQUELINE SUSANNAH LINDER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 28, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on September 24, 2008 under the name Jacqueline Susannah Linder. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because she was suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii), and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension. Respondent was suspended based upon her willful failure to cooperate with the Committee's investigation of allegations of professional misconduct and other uncontested evidence of misconduct which immediately threatened the public interest. The Committee opened a sua sponte investigation as a result of two dishonored check notifications from the Lawyers' Fund for Client Protection in connection with respondent's IOLA account. Thereafter, the Committee obtained bank records indicating the conversion or misappropriation of funds in respondent's escrow account.

The Committee served its suspension motion upon respondent by first-class and certified mail, return receipt requested, at her business address listed with OCA. The Committee's notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Notwithstanding being served with the interim suspension motion, respondent did not appear on the motion.

By order entered on October 31, 2013, this Court granted the Committee's motion and suspended respondent from the

practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), and until further order of the Court (*Matter of Linder*, 112 AD3d 152 [1st Dept 2013]). On November 4, 2013, the Committee served respondent with notice of entry enclosing a copy of the Court's order of suspension by mailing it to her business address by first-class mail and certified mail, return receipt requested. The Committee did not receive the signed receipt card for the notice of entry.

Although respondent was served with the motion to disbar by first-class mail and certified mail, return receipt requested, at her home address as listed with OCA and at a Brooklyn address found by a DDC investigator, no response has been received.

Accordingly, inasmuch as more than six months have elapsed since this Court's October 31, 2013 suspension order, and respondent has not appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (*see Matter of Bruzdziak*, 111 AD3d 118 [1st Dept 2013]; *Matter of Mainiero*, 109 AD3d 133 [1st Dept 2013]; *Matter of Reis*, 105 AD3d 62 [1st Dept 2013]).

FRIEDMAN, J.P., ACOSTA, FEINMAN, GISCHE and CLARK, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.